## JOHN POWERS

*v.*

## WILSON LOUGHRIDGE.

Where a receiver of a partnership, living in this state, put a claim against the estate of a decedent in Pennsylvania, in the hands of an attorney in that state to collect—*Held*, that his conduct appearing to have been prudent, and that he had, by inquiry beforehand, satisfied himself of the integrity of the attorney at that time, he was not liable to the estate for the loss of the claim, which was collected by the attorney, who afterwards absconded without paying it over, and is now insolvent, although a suit to collect the claim was not actually necessary.

Bill for relief. On exceptions to master's report, on exceptions to receiver's account.

*Mr. B. A. Vail*, for the defendant.

*Mr. E. S. Savage* and *Mr. C. Parker*, for the receiver.

THE CHANCELLOR.

This suit is between copartners in regard to the settlement of their copartnership affairs. A receiver was appointed in it. He filed his account, to which the defendant excepted. The account and exceptions were referred to a master. He reported thereon, and both the receiver and the defendant excepted to the report. By his report, the master, sustaining one of the defendant's exceptions to the account, charges the receiver with the amount of a claim (part of the assets of the firm) in favor of the firm against the estate of William Moore, deceased, late of Philadelphia. The receiver excepts to this charge. The ground of the charge is, that the claim has been lost through the employment by the receiver of a lawyer in Philadelphia to collect it, who, after collecting it, absconded, and has never paid it over, nor any part of it, and is utterly insolvent. The defendant insists that the employment of a lawyer to collect the claim was entirely

Powers *v.* Loughridge.

unnecessary. When the receiver put the claim in the hands of the lawyer, the receiver lived in Woodbridge, in this state, where the business of the firm had been carried on. Although suit was not necessary to collect the claim (which, as before stated, was against the estate of a decedent), the circumstances appear to have been such as would have induced a prudent man owning it, and living, as the receiver did, at a long distance from the executor, to deem it the best course, in order to protect his interest, to put the claim in the hands of a lawyer. The receiver, through his attorney here, made due inquiry as to the character of the lawyer before putting the claim in his hands, and was satisfied that he was worthy of confidence. There is no evidence that he was not a lawyer of good standing at that time. The receiver ought not to bear the loss. Where a receiver has acted with evident caution, and for what he deemed the best interest of the estate, and a loss occurs without fault on his part, he will not ordinarily be required to make good such loss. *High on Rec.* § *275; Kerr on Rec. 209; Knight* v. *Lord Plymouth, 3 Atk. 480; Union Bank Case, 10 Stew. Eq. 420, 424,* affirmed on appeal, *sub nom. Sandford* v. *Clarke, 11 Stew. Eq. 265.* In this case the receiver appears to have used due diligence in endeavoring to collect the money from the lawyer after he learned that he had received it. This exception to the master's report should be allowed.

The master reported as to two other claims in favor of the firm, one against McHose & Co., of Reading, in Pennsylvania, and the other against Louis Scharff, of Norristown, in that state, that the receiver should not be charged with the former at all, nor with the latter at this time, but should have further time to ascertain the condition of that claim and further opportunity to collect it if it should be collectible. To the report so far as those claims are concerned the defendant excepts. His exceptions should be overruled. It does not appear that the former claim ever was collectible, and as to the latter there is not enough evidence of neglect of duty on the part of the receiver in regard to it, to say the least of it, to justify the court in charging him with the amount of it. The receiver is entitled to costs of the exceptions, to be paid by the defendant.